**Thomas Freedman**, OSB No. 080697
Email: thomas@prllaw.com
PEARL LAW LLC
312 NW 10th Avenue, Suite 201
Portland, OR 97209
Phone: 503.467.7256
*Counsel for Plaintiff*

FILED 26 MAR '12 11:38 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| THOMAS FREEDMAN,<br><br>                           Plaintiff,<br><br>            -against-<br><br>AFNI, INC.,<br><br>                           Defendant. | Case No. 3'12 - CV - 533 - AC<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, as and for his complaint, alleges as follows:

### NATURE OF THE ACTION

1.      This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, as well as under the Oregon Unfair Debt Collection Practices Act ("UDCPA"), ORS 646.639 - 646.643, and the Oregon Unlawful Trade Practices Act ("UTPA"), ORS 646.605 - 646.656.

### THE PARTIES

2.      Plaintiff is a natural person, a resident of the state of Oregon, and a "consumer" as defined by 15 U.S.C. § 1692a(3) and ORS 646.639(a).

3.      Defendant Afni, Inc. is a foreign business corporation authorized to do business

**Thomas Freedman**, OSB No. 080697
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR 97209
503.467.7256 | thomas@prllaw.com

Page 1 of 5
Complaint

in Oregon, and a "debt collector" as defined by 15 U.S.C. §§ 1692a(3) and ORS 646.639(g).

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1692k.

5. This Court also has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. 1367(a) because the FDCPA and state law claims arise from a common nucleus of operative facts.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. In our about early March 2011, defendant attempted to collect an alleged debt from plaintiff in the amount of $200.

8. On March 11, 2011, plaintiff timely disputed the alleged debt in writing, and demanded that defendant cease all collection efforts of the false debt.

9. At all relevant times, plaintiff has disputed the validity of the alleged debt.

10. Defendant thereafter failed to verify or validate the alleged debt, and failed to otherwise comply with the requirements of the FDCPA and state law prior to continuing debt collection efforts.

11. Despite failing to verify or validate the alleged debt, defendant thereafter falsely reported the alleged debt to one or more credit bureaus and consumer reporting agencies.

12. Despite failing to verify or validate the alleged debt, defendant thereafter wrongfully sold or assigned the alleged debt to one or more other debt collectors.

13. Defendant's conduct was willful, intentional, fraudulent, unconscionable, misleading, deceptive, and false.

**Thomas Freedman, OSB No. 080697**
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR 97209
503.467.7256 | thomas@prllaw.com

Page 2 of 5
Complaint

14. Defendant's unlawful conduct caused plaintiff extensive economic damages, including lowered credit scores, higher interest rates on credit cards and financing, unfavorable terms on existing credit accounts, inability to obtain refinancing and other necessary home and business loans, irreparable harm to his credit and reputation, and other future and current damages, for which there is no adequate remedy at law.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

15. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

16. Defendant's conducted as set forth herein violated one or more sections of the FDCPA, including 15 U.S.C. § 1692g.

17. As a direct, proximate and foreseeable result of defendant's unlawful conduct, plaintiff suffered extensive economic damages, and other future and current damages, for which there is no adequate remedy at law.

### SECOND CAUSE OF ACTION
### (Violations of UDCPA)

18. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

19. Defendant's conduct as set forth herein violated one or more sections of the UDCPA, including ORS 646.639(k), (n) and (o).

20. As a direct, proximate and foreseeable result of defendant's unlawful conduct, plaintiff suffered extensive economic damages, and other future and current damages, for which there is no adequate remedy at law.

**Thomas Freedman, OSB No. 080697**
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR 97209
503.467.7256 | thomas@prllaw.com

Page 3 of 5
Complaint

## THIRD CAUSE OF ACTION
### (Violations of UTPA)

20. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

21. Defendant's conduct as set forth herein violated one or more sections of the UTPA, including ORS 646.607(1), ORS 646.607(6), ORS 646.608(h) and ORS 646.608(u).

22. As a direct, proximate and foreseeable result of defendant's unlawful conduct, plaintiff suffered extensive economic damages, and other future and current damages, for which there is no adequate remedy at law.

## JURY DEMAND

21. Plaintiff demands a trial by jury on all claims so triable.

**WHEREFORE**, plaintiff demands judgment against defendant as follows:

(i) a declaratory judgment that defendant's conduct violated the FDCPA, the UDCPA, and the UTPA;

(ii) actual damages in an amount to be determined at trial of not less than $250,000.00;

(iii) statutory damages pursuant to 15 U.S.C. § 1692k, ORS 646.641(1) and ORS 646.638(1);

(iv) punitive damages under ORS 646.641(1), ORS 646.638(1), and otherwise at law;

(v) an order requiring defendant to promptly take all necessary, appropriate and possible actions to correct the false and wrongful reporting of the alleged debt to the credit bureaus and consumer reporting agencies, to remove the false and wrongful reporting from all such bureaus and agencies, and to restore plaintiff's credit report and scores to what they were prior to the false reporting;

(vi) reasonable attorney's fees and litigation costs to the fullest extent permitted by law, including pursuant to 15 U.S.C. § 1692k, ORS 641(2) and ORS 646.638(3);

Thomas Freedman, OSB No. 080697
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR 97209
503.467.7256 | thomas@prllaw.com

Page 4 of 5
Complaint

(vii) costs, disbursements, prevailing party fees, enhanced prevailing party fees, and statutory interest to the fullest extent permitted by applicable law; and

(viii) for such other and further relief as the Court may deem just, equitable and proper.

Dated: March 26, 2012

PEARL LAW LLC

By: _____
Thomas Freedman
OSB No. 080697
*Attorney for Plaintiff*

Thomas Freedman, OSB No. 080697
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR 97209
503.467.7256 | thomas@prllaw.com

Page 5 of 5
Complaint